**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RANDALL LEE BIAS,

  Defendant-Appellant.

No. 99-3088

(D.C. No. 98-CR-40029-RDR)
(D.Kan.)

**ORDER AND JUDGMENT** *

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument

Defendant Randall Lee Bias, who pled guilty to drug-trafficking charges, appeals the district court's decision to impose a two-level sentence enhancement pursuant to U.S.S.G. § 3B1.1 for his role in the offenses. We exercise

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Bias was indicted on one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The case proceeded to trial but, at the conclusion of the government's evidence, Bias entered into a plea agreement pursuant to which he pled guilty to both counts of the indictment. At the sentencing hearing, the district court imposed, over Bias' objection, a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c) based upon its finding that Bias "was a manager or supervisor" and "directed [at least two of his coconspirators] in the distribution of" methamphetamine. Supp. App. at 25. Ultimately, the district court sentenced Bias to 168 months imprisonment, a sentence at the bottom of the guideline range.

On appeal, Bias challenges the district court's imposition of the two-level enhancement pursuant to U.S.S.G. § 3B1.1(c). Section 3B1.1(c) provides that a defendant's offense level is to be increased two levels "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." As the commentary to § 3B1.1(c) indicates, a defendant will "qualify for an adjustment under this section" only if he was "the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2) (1998).

2

"When reviewing sentencing decisions pursuant to U.S.S.G. § 3B1.1(c), we review legal conclusions under a de novo standard, . . . and factual allegations under a clearly erroneous standard." United States v. Baez-Acuna, 54 F.3d 634, 638 (10th Cir. 1995) (citations omitted).

After examining the record on appeal, we conclude the district court did not err in finding that Bias supervised one or more of his coconspirators. Although Bias testified at the sentencing hearing that he played no supervisory role in the offenses of conviction, the district court obviously found the trial testimony of coconspirator Denzil West more credible on this point. [1] As noted by the government, [2] West testified that Bias, with whom he previously had engaged in drug trafficking, agreed to supply West with a large supply of methamphetamine for resale, arranged for two "mules" (coconspirators Orvil and Helen Ritter) to transport the drugs from Oklahoma, where Bias resided, to Kansas, where West resided, and directed West to make contact with the Ritters

---

[1] The credibility of Bias' testimony at the sentencing hearing was also placed into question because it was inconsistent with his guilty plea to the possession charge. More specifically, Bias testified at sentencing that he was in California and Mexico during late April. However, by pleading guilty to the possession charge, Bias essentially admitted he was in Kansas on April 27, 1997.

[2] We note that Bias failed to include West's trial testimony in the appellate record. Although this omission would normally preclude our review of this issue, we have chosen to rely on the government's uncontradicted account of West's trial testimony in determining whether the district court's factual findings are clearly erroneous.

to coordinate the delivery. Appellee's Brief, at 16. This testimony, in our view, was sufficient to demonstrate that Bias, in an effort to coordinate the distribution and sale of the methamphetamine, supervised the activities of West and the Ritters. Accordingly, we conclude the two-level enhancement under § 3B1.1(c) was proper. See Baez-Acuna , 54 F.3d at 639 (noting that § 3B1.1(c) is satisfied upon a showing that a defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge